UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Tim George, Charles and Jamie Gibbs,
William and Corie Connelly, Galen and Leslie
Satterlee, Gail Henrichsen, Dustin and Martha
Barnett, Dave and Holly Marcus, Kelly Babb,
and Gary and Elsa Overstreet, individually
and on behalf of all others similarly situated,

        Plaintiffs,                              **ORDER**
                                                      Civil No. 12-249 ADM/JJK

    v.

Uponor Corporation, Uponor Group,
Uponor, Inc., Wirsbo Company, and
Uponor Wirsbo Company,

        Defendants.

_____

Scott K. Canepa, Esq., and Terry W. Riedy, Esq., Canepa, Riedy & Rubino, APC, Las Vegas, NV; Robert K. Shelquist, Esq., Lockridge Grindal Nauen, PLLP, Minneapolis, MN; Lawrence Deutsch, Esq., and Jacob Polakoff, Esq., Berger & Montague, PC, Philadelphia, PA; J. Randall Jones, Esq., Kemp, Jones & Coulthard, LLP, Las Vegas, NV; Shawn M. Raiter, Esq., Larson King, LLP, St. Paul, MN; Charles J. LaDuca, Esq., Cuneo Gilbert & LaDuca, LLP, Washington, DC; Charles E. Schaffer, Esq., Levin Fishbein Sedran & Berman, Philadelphia, PA; Michael A. McShane, Esq., Audet & Partners, LLP, San Francisco, CA; P. Kyle Smith, Esq., Lynch, Hopper Salzano & Smith, LLP, Las Vegas, NV; Troy L. Isaacson, Esq., Maddox, Isaacson & Cisneros, LLP, Las Vegas, NV; James D. Carraway, Esq., Carraway & Associates, LLC, Las Vegas, NV; Kenneth S. Kasdan, Esq., Kasdan Simonds Weber & Vaughan LLP, Irvine, CA; and Graham B. LippSmith, Esq., Girardi Keese, Los Angeles, CA, on behalf of Plaintiffs.

John R. Schleiter, Esq., Howard L. Lieber, Esq., and Daniel W. Berglund, Esq., Grotefeld, Hoffmann, Schleiter, Gordon & Ochoa, LLP, Chicago, IL, and Minneapolis, MN, on behalf of Defendants.

_____

      This matter is before the undersigned United States District Judge for a ruling on Defendant Uponor Corporation's ("Uponor Corp.") Motion for Reconsideration [Docket No. 172]. Uponor Corp. seeks reconsideration of the Court's December 23, 2013 Order [Docket No. 155]; specifically, it seeks reconsideration of the decision denying Uponor Corp.'s motion to

dismiss for lack of personal jurisdiction. Plaintiffs oppose the motion.

As an initial matter, Uponor Corp. has failed to comply with Local Rule 7.1(j), which requires any party intending to file a motion to reconsider to first obtain leave from the court to do so, by submitting a letter brief not exceeding two pages. D. Minn. L.R. 7.1(j). On this basis alone, Uponor Corp.'s motion could be validly denied. In the interest of efficiency, however, Uponor Corp.'s primary basis for reconsideration is addressed briefly.

Uponor Corp.'s motion for reconsideration is based largely on a recent decision by the United States Supreme Court. See Daimler AG v. Bauman, 134 S. Ct. 746 (2014). In Bauman, the Court reversed the Ninth Circuit Court of Appeals, finding defendant DaimlerChrysler Aktiengesellschaft ("Daimler") was not subject to general personal jurisdiction in California due to the contacts of its subsidiary Mercedes–Benz USA, LLC ("MBUSA"). The Court held that even under the agency theory of jurisdiction used by the Ninth Circuit, MBUSA's business in California did not render Daimler subject to personal jurisdiction there. Bauman, 134 S. Ct. at 761-62.

Uponor Corp. unpersuasively argues that Bauman upends this Court's basis for exercising personal jurisdiction in this case. In Bauman, the subsidiary MBUSA was organized under the laws of Delaware, had its principal place of business in New Jersey, and conducted business nationwide. MBUSA's chief contacts with California were its distribution of vehicles and its establishment of regional facilities. Bauman, 134 S. Ct. at 751-52. The Supreme Court declined to find personal jurisdiction over Daimler merely by virtue of MBUSA's business in California, even assuming this business could be imputed to Daimler. Holding otherwise, the Court reasoned, would broadly and unfairly expose multi-state or multi-national corporations to

jurisdiction in many states.

In contrast, Uponor Corp.'s subsidiary in this case, Uponor, Inc., does not simply conduct business in Minnesota. Unlike MBUSA, Uponor, Inc.'s principal place of business is in the forum state, and Uponor Corp. conducts much if not most of its American operations, in addition to sales, through Uponor, Inc. Finding personal jurisdiction over Uponor Corp. in Minnesota on this basis does not broadly expose the parent company to jurisdiction in any state where it conducts business.

This Court is also not persuaded by Uponor Corp.'s characterization of the December 23, 2013 Order as applying agency theory by another name. The Eighth Circuit Court of Appeals has affirmatively rejected agency theory in this context, and the December 23, 2013 Order applied Eighth Circuit precedent accordingly. See Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG, 646 F.3d 589 (8th Cir. 2011). Even if Uponor Corp.'s characterization was accurate, the Supreme Court did not universally reject the agency theory. Instead, the Supreme Court criticized the Ninth Circuit's broad application of the theory without explicitly rejecting it as invalid. See Bauman, 134 S. Ct. at 759-60 (holding the Ninth Circuit's definition of agency "appears" to conflict with Goodyear Dunlop Tires Operations, S.A. v. Brown, 131 S. Ct. 2846 (2011)). Even so, the Court proceeded to apply the Ninth Circuit's agency theory of personal jurisdiction and only then found jurisdiction lacking. See Bauman, 134 S. Ct. at 761-62.

Also contrary to Uponor Corp.'s arguments, the Supreme Court expressly acknowledged the existence of the more "rigorous" alter ego theory of jurisdiction but deliberately made no ruling as to its validity. Id. at 759. Rather, the Supreme Court held only that the plaintiffs had failed to demonstrate that MBUSA was an alter ego of Daimler. Id. at 758.

In this case, the Court did not expressly find an alter ego but nevertheless found, in accordance with Eighth Circuit precedent, that Uponor Corp. so "controlled and dominated" Uponor, Inc. that exercising personal jurisdiction comported with due process.  See <u>Anderson v. Dassault Aviation</u>, 361 F.3d 449 (8th Cir. 2004); <u>Viasystems</u>, 646 F.3d at 596.  Uponor Corp. has not demonstrated clear error in this conclusion.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Uponor Corporation's Motion for Reconsideration of the Court's December 23, 2013 Order [Docket No. 172 ] is **DENIED**.

BY THE COURT:

    s/Ann D. Montgomery  
ANN D. MONTGOMERY  
U.S. DISTRICT JUDGE

Dated:  April 14, 2014.